JOURNAL ENTRY AND OPINION
{¶ 1} T.M. ("Father") appeals from the decision of the Cuyahoga County Court of Common Pleas-Juvenile Division, establishing the parent-child relationship between himself and minor children. Father argues the trial court violated his due process and equal protection rights. For the following reasons, we affirm the decision of the trial court.
 {¶ 2} On January 25, 2006, the Child Support Enforcement Agency ("CSEA") filed an action in Juvenile Court to establish the parent-child relationship between the children, T.M. and K.M. and appellant Father. CSEA also requested the trial court to order Father to pay the birthing expenses of the children, a reasonable amount for the past support of the children, including health insurance, and to reimburse CSEA for assistance it provided the children.
 {¶ 3} After receiving service of the complaint, Father filed a motion to dismiss and a motion for summary judgment based on his assumption that the parent-child relationship had been established. Father claimed that because the two children carried his surname, CSEA had no interest in bringing the matter before the court. Additionally, the father pointed out that although CSEA sought to collect monies for both T.M. and K.M., K.M. died suddenly on October 18, 2005.
 {¶ 4} Because Father did not file an answer specifically admitting paternity, the magistrate set the matter for a pretrial and ordered the completion of genetic testing. On May 17, 2006, the genetic test report revealed that Father cannot be *Page 3 
excluded as the biological father of K.M. and T.M. During a second pretrial, the magistrate indicated that genetic testing had been completed and then set the matter for trial.
 {¶ 5} On July 11, 2006, the matter came for trial at which time the magistrate noted that Father was not present or represented by legal counsel. The magistrate noted that Father had been served with a summons and a copy of the complaint by regular mail after the certified mail was returned unclaimed. The Assistant County Prosecutor moved for a default judgment pursuant to R.C. 3111.08(B).
 {¶ 6} The magistrate proceeded to hear the evidence regarding the issues of paternity and support. Based on the evidence presented, including the results of genetic testing and pleadings by Father, the magistrate established the parent-child relationship and ordered support.
 {¶ 7} Father filed objections to the magistrate's decision, which were overruled by the trial court on October 13, 2006. Father appeals, raising the following assignments of error.
 "I. Due process and equal protection of the law are abjectly violated when default judgment is awarded above and beyond a documented entrance of appearance by defendant."
 {¶ 8} In this assigned error, Father claims the case should have been dismissed and that his rights to due process were violated when he was not given notice of the court's intent to issue a default judgment prior to the issue being heard at trial. This assignment of error lacks merit. *Page 4 
 {¶ 9} Ohio Revised Code 3111.04(A) authorizes CSEA to bring an action to determine the parent-child relationship if the child's mother is a recipient of public assistance or of services under Title IV-D. The complaint filed by CSEA on January 25, 2006, specifically avers that the child's mother is a recipient of public assistance or CSEA services.
 {¶ 10} Additionally, Ohio Revised Code 3111.03 sets forth the presumptions of paternity that include marriage and filed acknowledgment of paternity, neither of which were present in the instant case. Father alleges that because the children bore his surname, a parent-child relationship had been established. As stated above, this is not one of the presumptions of paternity under O.R.C. 3111.03 and, therefore, CSEA's complaint should not have been dismissed. See O.R.C. 3111.04(A).
 {¶ 11} Moreover, Father's due process rights were not violated. Because Father did not file an answer specifically admitting paternity, the magistrate scheduled genetic testing and numerous pretrials. See, O.R.C. 3111.08(B). At the July 11, 2006 hearing, it was noted that Father was not present, he had been served with a copy of the complaint and had been given notice of the July 11, 2006 hearing. In accordance with O.R.C. 3111.08(B), the magistrate entered a default judgment against Father after hearing the truth of the statements in the complaint, specifically, the genetic test results. *Page 5 
 {¶ 12} Accordingly, Father's due process rights were not violated. Father's first assignment of error is overruled.
 "II. Withdrawal of claims that underpinned interest in private relationship matters amounted to voluntary dismissal under Civ. R. 41(A)."
 {¶ 13} In this assignment of error, Father argues that a portion of the claims were impermissibly withdrawn. This assignment of error lacks merit.
 {¶ 14} In the complaint filed January 25, 2006, CSEA requested the trial court to order support, health insurance coverage, and reimbursement for any public assistance provided on behalf of the children. After the magistrate established the parent-child relationship, and after CSEA determined that there were no public monies due and owing as a result of the birth of the children, CSEA withdrew its claim for maternity expenses and past care. The withdrawal of this claim for reimbursement was not a dismissal of the entire action and did not amount to a voluntary dismissal under Civ. R. 41(A).
 {¶ 15} Father's second assignment of error is overruled.
 "III. Due process and equal protection of the law warranted order to issue directing department of health to issue a new birth record of designated fatherhood."
 {¶ 16} O.R.C. 3111.13(B) provides as follows:
 "If the judgment or order of the court is at variance with the child's birth record, the court may order that a new birth record be issued under section 3111.18 of the Revised Code." *Page 6 
 {¶ 17} In this assignment of error, Father erroneously argues that a new birth record "should" issue. The statutory language quoted above is clear, "a trial court may order a new birth record." Accordingly, it is within the discretion of the trial court whether to order the department of health to issue a new birth record. Moreover, Father never moved the trial court to issue a new birth record.
 {¶ 18} Based on the above, Father's third and final assignment of error is overruled.
 {¶ 19} The judgment of the trial court is affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 JAMES J. SWEENEY, P.J., and PATRICIA A. BLACKMON, J., concur. *Page 1